E-filing

EMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08    3068

DELANO LAMONT PINCKNEY
    Plaintiff,

vs.

Yuba Community College
    Defendant(s).

CASE NO. E-200607-E-1238-00-
e/37A-A7-09303

EMPLOYMENT DISCRIMINATION COMPLAINT

1. Plaintiff resides at:

   Address #376-9480 128th street

   City, State & Zip Code Surrey, BC V3V 6H2

   Phone 8435646084

2. Defendant is located at:

   Address 2088 North Beale Rd

   City, State & Zip Code Marysville CA 95901

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern:

   a. __ Failure to employ me.

   b. ✓ Termination of my employment.

Form-Intake 2 (Rev. 4/05)        - 1 -

1     c. __ Failure to promote me.

2     d. ✓ Other acts as specified below.

3 On the job harrassment. Harassment
4 escalated after reporting to DFEH
5 and EEOC.

6 _____

7 _____

8 _____

9  5.   Defendant's conduct is discriminatory with respect to the following:

10     a. ✓ My race or color.

11     b. __ My religion.

12     c. __ My sex.

13     d. __ My national origin.

14     e. ✓ Other as specified below.

15 Sexual orientation

16  6.   The basic facts surrounding my claim of discrimination are:

17 YCC tenured faculty coached students
18 to behave disruptively, interrupt my
19 classes, used false statements to justify
20 non-renewal of employment contract.
21 Statements from hiring dean, hate mail
22 received in my faculty box and racial
23 epithets painted on lawn furniture also
24 contributed to the activity.

25  7.   The alleged discrimination occurred on or about _2005-2007_.
26                                                       (DATE)

27  8.   I filed charges with the Federal Equal Employment Opportunity Commission (or the
28 California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)                - 2 -

1  discriminatory conduct on or about _duration of employ from 10/05-5/07_
2                                          (DATE)
3  9.  The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter
4  (copy attached), which was received by me on or about ___1 - 10 - 08___ .
5                                          (DATE)
6  10. Plaintiff hereby demands a jury for all claims for which a jury is permitted:
7      Yes ✓    No ____
8  11. WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,
9  including injunctive orders, damages, costs, and attorney fees.

11  DATED: __6 - 16 - 08__           _[signature]_
12                                    SIGNATURE OF PLAINTIFF

14  *(PLEASE NOTE: NOTARIZATION*           Delano Lamont Pinckney
15  *IS NOT REQUIRED.)*                    PLAINTIFF'S NAME
16                                         (Printed or Typed)

Form-Intake 2 (Rev. 4/05)              - 3 -

JUN-13-2008 09:31                                                                                              P.03/04

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## TRANSMITTAL TO DEPARTMENT OF JUSTICE OF REQUEST FOR NOTICE OF RIGHT TO SUE
*(The attached charge involves state/local government or political subdivisions, including public education institutions.)*

**TO:**
DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION
EMPLOYMENT LITIGATION SECTION, PHB
950 PENNSYLVANIA AVE., NW
WASHINGTON, D.C. 20530

**FROM (Area or District Name/Address):**
SAN FRANCISCO DISTRICT OFFICE
350 THE EMBARCADERO
SUITE 500
SAN FRANCISCO, CA 94105
OFFICE WHERE CASE FILE IS LOCATED:
(if different from above)

**NOTICE OF RIGHT TO SUE TO BE ISSUED BASED ON THE INFORMATION PROVIDED BELOW**

**NAME/ADDRESS OF CHARGING PARTY TO WHOM NOTICE IS TO BE ADDRESSED:**
DELANO LAMONT PINCKNEY
212 COPPERVALE CIR
Rocklin, CA 95765

[ ] Charging party has filed the charge on behalf of an aggrieved person whose identity is confidential (29 CFR 1601.7(a)).

**IF CHARGE WAS THIRD PARTY CHARGE, NAME AND ADDRESS OF AGGRIEVED PERSON TO WHOM NOTICE IS TO BE SENT:**

**NAME/ADDRESS OF RESPONDENT(S) AND EEOC CHARGE NUMBER(S)**
YUBA COMMUNITY COLLEGE    37A-2007-09303 E200607E1238
2088 N BEALE RD,
Marysville, CA 95901

**ATTACHED IS A REQUEST FOR NOTICE OF RIGHT TO SUE FOR THE ABOVE CHARGE(S) AND OTHER ATTACHED DOCUMENTS AS INDICATED BELOW:**

LETTER OF REQUEST FROM:
[X] CHARGING PARTY DATED: Nov 15, 2007    [ ] ATTORNEY FOR CHARGING PARTY DATED

ATTACHMENTS: [X] ORIGINAL CHARGE    [ ] AMENDED CHARGE    [ ] CAUSE DETERMINATION (if issued) DATED

THE CHARGE WAS FILED (Filing Date)    April 17, 2007

[ ] Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the date shown above.

[ ] Please indicate on the Notice of Right To Sue that the Commission will continue to process this charge.

**NAME AND TELEPHONE NUMBER OF CONTACT PERSON (Use FTS No.)**
ALEXIS DURBIN, (415) 625-5619

**DATE:** 12-20-07

**TYPED NAME OF EEOC OFFICIAL**
H. JOAN EHRLICH

**SIGNATURE** *(signed)*

**DEPARTMENT OF JUSTICE USE ONLY**

| [ ] RS | [ ] OMITATTY# | [ ] DCT | [ ] FILE |
|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |

**REMARKS**

EEOC Form 257 (10/94)

Harassment History

Although subjected to this type of treatment for several years I have elected to mention the most recent incidents. From August 2005 to July 2007 I was contracted as Choral Director/Music Instructor at Yuba Community College. Upon hire official transcripts were never asked of me for purpose of verifying my credentials or qualifications. During my first on campus meeting with the Fine Arts Dean (Jay Drury), shortly after contract signing, he warned me (twice) to not sexually molest the students. I began to suspect my hire was a set-up.

There were many incidents where I have been stalked and harassed at home, at times all night long; intentionally causing sleep deprivation so I could not function successfully for work the next day. The harassment has been reported many times to various people including landlords, family and others. I am followed to and from work. In the past I have experienced vandalism to my vehicle, illegal entry to my apartment home (and car) while I was at work and harassment from neighbors, who were allowed and encouraged to perform various acts, such as rattling my door knobs, knocking then running away from my doors, spying on me in the privacy of my home from an attic or above ceiling vantage point. These activities began at Hidden Grove Apartments and continued when I moved to Winsted Apartments where my apartment is repeatedly entered without my consent. Blinds are moved for view from the outside, an electronic item is switched off (that was deliberately left on), doors left open are found closed when I return. Record of DFEH complaints is available.

My home phone and home computer usage is monitored. Up until August of 2006 I use to have Cingular cell phone service but the harassing calls became too much and Cingular refused to assist me in any way. So I stop paying the bill and the service was cut off. One outrageous thing did happen this past summer (2006). I was followed and threatened to be shot buy a Rocklin police officer for going to Blockbuster Video too late at night (ten minutes before they close at 11pm). The officer followed me into the parking lot, watched from outside the building as I searched in store for a movie. Then as I left and walked to my car he put his hands on his gun, positioning as if to draw it. I ignored him, got into my car then came home.

In addition I am followed and watched as I leave for vacation or go out of town. A device has been placed in my vehicle which is used to electronically track anywhere I drive. I was followed from Sacramento to Palm Springs all for reason of law enforcement sting operations to manipulate me into buying or partaking of drugs. This occurred Dec. 2005 as well as July 2006 in Palm Springs CA. This kind of legalized stalking is wrong. I have had landlords evict me for no reason, friends and family turn against me, and now colleagues with my employer conspiring and scheming to have me ruined, fired and recently forcibly resign. This clearly is example of Lifestyle Discrimination. Employers cannot discriminate against employees or applicants on the basis of their conduct during non-working hours and off workplace premises (including smoking, dietary and leisure activities) unless the conduct affects employee's ability to fulfill work responsibilities. Employers cannot collect information about an employee's off-duty behavior. Full copies of the model statutes can be obtained by contacting the Task Force for Civil Liberties in the Workplace at (212) 944-9800, Ext. 418.

I was employed for a year (04-05) at Cingular Wireless, Sacramento (Diane Soul, Supervisor) prior to working at YCCD. There I experienced ongoing harassment from the on-campus security that followed wherever I went in the building when on breaks or lunch. I reported the matter to human resources, talked with them and complained numerous times to my supervisor (as well as to her boss) about the stalking. The campus has 24-hr video coverage and I am certain they have video record of the incidents. In one instance my supervisor's (Diane Soule) boss witnessed security staff member cornering and following me.

At YCCD, students were coached by tenured music faculty Dr. Allan Miller and Dr. Robert Mathews to be overly difficult and defiant, especially in choir rehearsals. I have reported students to the dean as well as to the police for interrupting or being disruptive in classes. Classroom doors, which are very noisy and distracting, were repeatedly opened then closed for no other reason than for disrupting my work with students. I've witnessed Dr. Mathews standing in observance as one student (Joanna Parks) intruded upon my classroom, deliberately interrupting my working with students. This was done in identical manner by various other students (names available), which indicates someone was directing the behavior. A number of students who clearly had no interest in music study registered for my classes with obvious intent to challenge and sabotage my work, therefore ruining hope for a comfortable and safe learning environment in class subsequently sabotaging class attendance. One student was even told to leave school and not attend his scheduled private voice lesson with me (Kevin Jared Driver).

Within the first month of employment at Yuba Community College, in addition to being called a molester, I received hate mail in my faculty box, stating "Mr. Pinckney only likes good looking male singers". I surrendered the document to the Fine Arts Dean (Jay Drury, ret.) who then posted a notice within the music area warning students about the consequences of committing such a crime. Then there was an incident of the word "*nigger*" being carved into on the picnic table outside my office. The table was later painted, covering the offense. Then the repeated interruption of my classes began. I called campus police when one student Kim Black interrupted my working with a student. Classroom work with students was repeatedly secretly monitored by Dr. Matthews and Dr. Miller who were positioned in adjacent rooms.

The sole reason for this classroom surveillance was for fault finding and definitely not part of formal evaluation as outlined in my employment contract. I understand the school has a policy for computer monitoring, which I accept, however peep holes in the walls of my office cannot be legal. Lastly, every morning when I arrived to work there was an unmarked detective's black Lincoln Towncar sitting in the parking lot watching me (license plate number 5APW388).

Most recently, from late January to early May I was gassed/chemically poisoned in my apartment by either tear gas or some form of mustard gas which left a sticky film residue on my skin, creating symptoms such as compulsive sneezing, burning/itching skin and eyes, excessive nasal mucous discharge, increase of heart rate, sleep deprivation, sweating, headache, dryness of mouth and throat, upset stomach, diarrhea; all contributing to exhaustion, thus hindering my ability to get enough rest to function for work the next day or at times make it in to work. My eyes were badly affected making it impossible to safely drive to work. I made several attempts to gain protective results from my landlord (Kirsten Sjoberg) at The Winsted Apartments in Rocklin CA regarding a neighbor "Larry" in apartment 222, who lives above me (#212). I have reported this matter to the Rocklin police, most recently September 13, 2007, speaking with Officer Davis who said she would pay a visit to apartment 222, resulting in the harassment escalating for the days following.

Since February 2007 I have lost about $1200.00 income to work absences caused by this harassment. The activity has escalated since I filed a formal complaint with Department of Fair Employment and Housing (November 2006), since I made numerous verbal complaints about my upstairs neighbor spying activity to my landlord and since I began seeking legal support. Efforts to contact or secure a local attorney are blocked, thwarted by attorneys refusing to help due to "business reasons".

The harassment at my place of employment (as well as residence) is known by many, whose names and contact information I can provide. On Wednesday May 23, a student (Andrew Ayala), obviously coached by another faculty member, stopped me in YCC campus parking lot then attempted to bate me in a compromising situation (which was witnessed by student Craig Wickersham) by suggestively asking "can I go with you?" as I left for dinner break.

Recently, August 4 (Saturday), 2007 I was followed to Blockbuster Video store (Rocklin-Sunset location) where children (two pre-teen aged girls, one white, one Latina) were used in attempt to personally sabotage or manipulate my browsing for movie rentals by following me, taking pictures and making attempts to draw my attention. Disgusted, not only by their behavior but also that law enforcement (who were present) used children for this, I walked out the store without renting any movies. This activity was repeated at Safeway Grocery Store (Sunset/Pleasant Grove in Rocklin) on August 25th, this time using a young blond boy who literally chased me out the store trying to get my attention. These stores have surveillance cameras. Therefore the incidents should be on video record. The implication from these incidents is obvious.

Again, this harassment, stalking and sabotage activity has been going on for several years, presently culminating in my non-rehire with Yuba Community College, as with past employers. In this instance it is quite clear. Students were persuaded to not register for my classes, if registered to not fully participate or to be difficult in class, or to drop from my class to bring enrollment down; thus reflecting negatively upon me at evaluation. There are a number of students responsible (names can be provided), who were obviously directed to do so by Dr. Matthews and Dr. Miller.

Since I am unable to earn a living I am forced to sue YCCD, the Winsted, Hidden Grove Apartments (if possible) and Blockbuster Video. I am without salaried income yet every previous attorney refuses to take this case or charges an exaggerated retainer fee to do so. My formal complaint filed April 17, 2007 with Department of Fair Employment and Housing was recently adopted for investigation by the EEOC, however EEOC has dismissed my charges claiming there is no violation of statute by YCCD. This is another way of saying they have done nothing wrong, even after supplying names, dates and other details. Since my filed complaints the harassment has escalated considerably and continues, as of this writing.

I am writing to inform you that the stalking and harassment has not ended. In fact, on September 19 (around 3-4am) 3 Rocklin police officers came by my apartment in response to my call to report tapping on my bedroom windows and rattling of my front doorknob. This occurred all night long into the 5am hour preventing me from getting any sleep thus causing me to lose rest in preparation for a job interview with Ceres Unified School District later that day. On September 29, I could hear they were caught in the act (by someone) but no one has communicated to me reporting the incident. Interestingly, the late night harassment has discontinued but other forms of harassment have intensified.

Whenever I leave my apartment, which is very rarely these days, I am followed; be it to the grocery store, the post office or even to check my mail box here on grounds at the Winsted. The neighbor living in apartment 222 above me (Larry) is obviously keeping 24 hour surveillance on my activities inside and outside my apartment. He is a peeping-tom, spying in on me through the air-vents, window framing and other holed vantage points in the ceiling area of the apartment (which is obviously approved and allowed by Winsted Apartments, who repeatedly refused to allow me to move to another unit on the complex). In fact, there have a number of incidents where has followed me in his vehicle, here on grounds when I walk to or from my car, and when walking to my on-grounds mail box. He has often attempted to engage me in conversation but I ignore him, totally.

My apartment sits facing the street, with available curb side parking. My car was parked there last night. I stayed up late last night to watch a Netflix movie online (1-2:30am). A jeep parked behind my car and stayed there, engine idling, for a while. It pulled away when I went to the window to take a good look at it. How would anyone know what room I was in, let alone that I was watching a movie, unless my action was being reported by someone who could see inside my apartment?

I recently saw the movie Paragraph 175 which tells of the historically tragic treatment of homosexuals by Hitler's Nazi regime. I recall one incident noted where a survivor mentions how he was followed (stalked) by under cover agents then later eventually sabotaged by a male hustler to go to a park for sex. The whole incident was a set up. He was arrested, imprisoned and his life was ruined. Your influence could greatly aid in helping me securing legal protection in this matter.

In December of 2007 I relocated to Vancouver British Columbia since unable to live as a Gay Black man in the US without being targeted by law enforcement sabotage, set up or manipulation. I remind you that this activity has been reported to the EEOC, DFEH, IRS, the Department of Justice, Gov. Arnold Schwarzenegger, Sen. Maxine Waters, Sen. Doolittle and numerous attorneys in the state of California (none responded to my plea for help).

Delano Lamont Pinckney, MM

*[signature]*

-1 Student Lists (Email addresses may be provided if necessary, however YCCD has all pertinent contact information for all students I previously worked with and for those listed below.)
Delano Lamont Pinckney
Former Instructor, YCCD

**General Witness:**  Milena Hmeleva 5621 Saint Claire Way Citrus Heights CA 95621
Phone: 916-792-3063 Email: mhmeleva@yccd.edu or kissal@mail.ru

### Student Witnesses

| Name | Phone |
|---|---|
| Aubra Capps | 530-633-9352 |
| Ashlie Allec | 530-844-0500 |
| James Lanning | 530-432-0865/320-8109 |
| Delia Hightower | 530-742-2362 |
| Mike McCullah | 530-743-6152 |
| Kathy Her | 530-933-5918 |
| Ada Schmidt | 530-632-6923/635-4611 |
| Rochelle Capps | 530-633-9352 |
| Craig Wickersham | 530-315-8151 |
| Roberto Cardenas | 530-237-6036 |
| Kevin Jared Driver | 530-870-2774 |

### Harassment Student Participants

| Name | Phone |
|---|---|
| James Davis | unknown |
| Kim Black | unknown |
| Carla Ann Harbison | 530-415-5526 |
| Damien Oliver | 530-755-9857 |
| Ben Matthews | 530-673-1981 |
| Andrew Ayala | 530-635-7282 |
| Gary Sorenson | 530-695-1476 |
| Ryan Evans | 530-301-9659 |
| Kristen Rose | 530-713-5906/673-0321 |
| Israel Gonzales | 530-743-3129 |
| Sharon Martin | 530-742-8756 |
| Joseph Gibbs | 530-673-8467 |
| Erica Toth | 530-632-7449 |
| Camron Eckerman | 530-301-5760 |
| John Mezzanotte | 530-633-9488 |
| Seth Ball | 530-237-7212 |
| Lindsay Mallory | 530-845-1172 |
| Spencer Clark | 530-315-2895 |
| Bret Corey | 530-742-7659 |
| Colin Smith | 530-237-7862 |
| John Lewallen | 530-933-1237 |
| Jason Pon | 530-635-2318 |