ALESA SCHACHTER (SBN 102542)
JASON M. SHERMAN (SBN 245190)
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
California Plaza
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for Defendant, YUBA COMMUNITY COLLEGE DISTRICT (erroneously sued as YUBA COMMUNITY COLLEGE)

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (San Francisco Division)

| | |
|---|---|
| DELANO LAMONT PINCKNEY, | CASE NO. CV 08-3068 EMC |
| Plaintiff | **DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE; MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT** |
| v. | |
| YUBA COMMUNITY COLLEGE, | |
| Defendant. | |

**DATE:**    October 22, 2008
**TIME:**    10:30 a.m.
**ROOM:**    10
**Judge:**    The Honorable Edward M. Chen

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE;
MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT

TO PLAINTIFF ACTING IN PRO PER:

PLEASE TAKE NOTICE that Defendant YUBA COMMUNITY COLLEGE DISTRICT (erroneously sued as "YUBA COMMUNITY COLLEGE") (hereinafter "Defendant") hereby files the following motion to be heard on **October 22, 2008**, at **10:30 a.m.** in **Courtroom C** of the above-entitled court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California.

Defendant will move the Court for the following relief: (1) to dismiss or quash Plaintiff DELANO L. PINCKNEY's (hereinafter "Plaintiff") Complaint for Damages on the grounds of insufficient process under Rule 12(b)(4) of the Federal Rules of Civil Procedure; (2) to dismiss or quash Plaintiff's Complaint for insufficient service of process under and Rule 12(b)(5) of the Federal Rules of Civil Procedure; (3) to transfer venue to the Eastern District of California for the convenience of the parties, witnesses and in the interests of justice, pursuant to 28 U.S.C. § 1404(a); and (4) for an order sealing portions of Plaintiff's Complaint on the grounds that it reveals private information in violation of the Information Practices Act, California Civil Code § 1798 *et seq*.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.  **STATEMENT OF ISSUES**

1.  Plaintiff's process is insufficient because the Complaint attached to the Summons was redacted, portions were blacked out and unreadable, thereby failing to provide a complete copy of the currently effective Complaint;

2.  Plaintiff's service was insufficient because pursuant to Rule 4 of the Federal Rules of Civil Procedure, a public entity *cannot* be served with a Summons and Complaint via "Notice and Acknowledgment of Receipt;"

3.  The Court should transfer venue to the Eastern District of California pursuant to 28 U.S.C. § 1404 because no parties, witnesses or documents are located in the Northern District, and because all events and occurrences alleged in Plaintiff's Complaint occurred in the Eastern District where Defendant school district is located;

4.  The Court should seal or redact portions of Plaintiff's Complaint because the final page of Plaintiff's Complaint lists the private contact information of over 33 students of Defendant school district in violation of the Information Practices Act, California

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

1    Civil Code § 1798 *et seq.*

2    **B.    STATEMENT OF RELEVANT FACTS**

3    Plaintiff filed his "Employment Discrimination Complaint" in the Northern District Court

4    on June 25, 2008 against Yuba Community College.[1]  Plaintiff alleges a claim under Title VII of the

5    Civil Rights Act of 1964 for employment discrimination on the basis of race and sexual orientation.

6    Yuba Community College District is a California community college and is a public entity.

7    The District consists of three campuses including the Yuba Community College where Plaintiff was

8    previously employed.  Both Yuba Community College and the District's main office are located in

9    Yuba County, which is within the jurisdiction of the Eastern District of California.

10    Plaintiff filed an application to proceed *in forma pauperis* with the Court on June 25, 2008.

11    The Court granted Plaintiff's application on August 19, 2008.  The Summons was thereafter issued

12    by the Court on August 20, 2008.

13    On or about August 22, 2008, the U.S. Department of Justice sent Plaintiff's Summons and

14    Complaint to Defendant via U.S. Mail utilizing a "Notice of Acknowledgment of Receipt of

15    Summons and Complaint by Mail" pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure.

16    The Complaint that was enclosed with the Summons was redacted and portions were blacked out

17    and unreadable.  A true and correct copy of all of the process received by Defendant is attached as

18    **Exhibit A**.

19    **C.    PLAINTIFF'S PROCESS IS INSUFFICIENT**

20    Regardless of the method of service employed, summons and complaint must be served

21    together. Fed. R. Civ. P. 4(c)(1).  In *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519

22    (9th Cir. 1990), the Court held that process was insufficient when the copy of the complaint served

23    on the defendant was missing seven pages.  The complaint was incomplete.  *Id.* at 1529.

24    In this case, Plaintiff inexplicably chose to redact and black out numerous allegations in the

25    Complaint that was sent to Defendant.  Indeed, Plaintiff even blocked out both the names of himself

26    and Defendant.  (See Exhibit A.)  The Complaint sent to Defendant is incomplete and as such, the

27

28    _____

[1] Yuba Community College is a campus under the Yuba Community College District and is not a proper party because individual campuses are not legal entities and cannot be Plaintiff's "employer."

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE;
MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT**

1    process was insufficient as a matter of law.

2        Accordingly, Defendant's motion to dismiss for insufficient process under Rule 12(b)(4) of

3    the Federal Rules of Civil Procedure should be granted. In the alternative, service should be quashed

4    for insufficiency of process.

5    **D.    PLAINTIFF'S SERVICE OF PROCESS IS INSUFFICIENT**

6        Challenges to the manner of service are interpreted strictly. A liberal construction of Rule

7    4 "cannot be utilized as a substitute for the plain legal requirement as to the manner of which service

8    of process may be had." *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir.

9    1991).

10        "Defendants must be served in accordance with [Rule 4], or there is no personal jurisdiction."

11    *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982) (citation omitted). "Neither actual notice,

12    nor simply naming the person in the caption of the complaint, will subject defendants to personal

13    jurisdiction if service was not made in substantial compliance with Rule 4." *Id.*

14        When service of process is properly challenged, the party on whose behalf service was made

15    (plaintiff) has the burden to establish its validity. *Aetna Business Credit, Inc. v. Universal Decor &*

16    *Interior Design, Inc.* 635 F.2d 434, 435 (5th Cir. 1981); see also *Naufahu v. City of San Mateo* 2008

17    WL 2323869, 1 (N.D. Cal. 2008).

18        As a California public entity, Defendant *cannot* be served with a Summons and Complaint

19    via "Notice of Acknowledgment of Receipt." Rule 4(d) of the Federal Rules of Civil Procedure

20    specifically outlines that waiver of service may only be utilized for defendants subject to service

21    under Rule 4(e) (individuals), (f) (individuals in foreign countries), and (h) (corporations,

22    partnerships, and associations). Service upon "state-created government organizations" is governed

23    by Rule 4(j). See also William W. Schwarzer, *et al*, Federal Civil Procedure 5-26 ¶ 5:92 (2008)

24    (request for waiver procedure *cannot* be utilized with defendants who are governmental entities).

25        Accordingly, Defendant's motion to dismiss for insufficient service of process under Rule

26    12(b)(5) of the Federal Rules of Civil Procedure should be granted. In the alternative, service should

27    be quashed for insufficiency of service of process.

28

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

4

**DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE;**
**MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT**

**E.    VENUE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA**

Venue in this case should be transferred to the Eastern District because all parties, witnesses, and documents are located within the Eastern District. Further, all of the alleged employment actions occurred in the Eastern District. Indeed, it does not appear that this case has any connection whatsoever to the Northern District. As such, this Court should exercise its discretion to transfer venue under 28 U.S.C. § 1404.

For actions brought under Title VII, venue is determined under 42 U.S.C. § 2000e-5 rather than the general venue statute (28 U.S.C. § 1391). Venue is considered technically proper "in any judicial district in the state in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). The practical effect of this provision is that in states containing multiple federal districts, suit can be commenced in any of those districts.

However, even though venue may be proper under Title VII, a case is subject to discretionary transfer under 28 U.S.C. § 1404(a) for convenience of the parties and witnesses and in the interests of justice. Title VII's broad venue provision does not supersede § 1404(a). See *Ross v. Buckeye Cellulose Corp.* 980 F.2d 648, 654-655 (11th Cir. 1993).

In considering whether to transfer venue under § 1404, courts considers the private and public factors. Private factors to consider include: (1) the state that is most familiar with the governing law, (2) deference to a plaintiff's choice of forum, (3) the respective parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in litigation costs between the competing forums, (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (7) the ease of access to sources of proof, and (8) the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.2000). Public factors to consider include the level of congestion of the local docket, the local public interest in the outcome of a case, avoidance of conflict of laws issues, and the unfairness of burdening citizens in an unrelated forum with jury duty. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Every single factor in this case weighs heavily toward transferring venue to the Eastern

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE; MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT

District of California. "If all of the witnesses live outside the chosen forum and all of the operative facts occurred outside the chosen forum, the plaintiff's choice is entitled to only minimal consideration." *Kachel, Inc. v. Menzie*, 738 F.Supp 371, 373 (D. Nev. 1990); see also *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Plaintiff's Complaint demonstrates on its face that every single allegation of discriminatory conduct occurred either in Yuba or Placer Counties. Both of these counties are within the jurisdiction of the Eastern District of California. These counties are also approximately 125 miles away from the Norther District Court in San Francisco.

Plaintiff's Complaint also demonstrates on its face that every witness involved in this case is located in these counties including all employees of Defendant school district. Indeed, the school district's main office is located in Yuba County, as is the campus where Plaintiff was employed. All employment records and other evidence in this case are also located in these counties. The expense of litigating a case in the Northern District would be excessively burdensome to Defendant where every single witness and all evidence is located over 125 miles away.

Courts also afford substantially less deference to a plaintiff's choice of forum when the plaintiff is not a resident of that forum or when the claims lack substantial connections to that forum. See *Barham v. UBS Financial Services*, 496 F.Supp.2d 174, 178 (D.D.C. 2007); *American Littoral Soc. v. U.S. E.P.A.*, 943 F.Supp. 548, 551 (E.D.Pa. 1996); *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F.Supp.2d 741, 743 (E.D.Va.2003); *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y.1994).

Plaintiff is not a resident of, and is *not* located in, the Northern District. During the times alleged in the Complaint, Plaintiff was living in Placer County which is within the Eastern District's jurisdiction. At present however, *Plaintiff is living in Canada*. As such, Plaintiff has no personal connection to the Northern District.

The Complaint demonstrates *no connection* at all with the Northern District. None of the allegations are based upon any conduct occurring in the Northern District. Further, Defendant school district has no contacts whatsoever in the Northern District. No campuses are located there and no individuals are employed within the Northern District.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE;
MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT

1    Regarding the public factors, none exist to establish any interest by the Northern District.

2   There is no local interest in the outcome of a case between a Yuba City community college and one

3   of its former employees.  Further, citizens of the Northern District should not be burdened with jury

4   duty for a matter that is unrelated to their forum.

5        "Jury duty is a burden that ought not to be imposed upon the people
         of a community which has no relation to the litigation. In cases which
6        touch the affairs of many persons, there is reason for holding the trial
         in their view and reach rather than in remote parts of the country
7        where they can learn of it by report only. There is a local interest in
         having localized controversies decided at home." *Flintkote Co. v.*
8        *Allis-Chalmers Corp.*, 73 F.R.D. 463, 466 (S.D.N.Y. 1977)

9    Finally, venue in the Eastern District of California as a transferee court is proper.  Under

10   Title VII, "the judicial district in which the respondent has his principal office shall in all cases be

11   considered a district in which the action might have been brought" for the purposes of 28 U.S.C. §

12   1404.  See 42 U.S.C. § 2000e-5(f)(3).  Here, Defendant's principal office is located in Yuba County,

13   which is in the jurisdiction of the Eastern District of California.

14    Overall, there is not a single reason for this action having been filed in the Northern District.

15   Every factor weighs toward transferring venue to the Eastern District of California.  All witnesses

16   and evidence are located within the Eastern District.  The Defendant school district is in the Eastern

17   District.  Every allegation in the Complaint is based upon alleged activities which took place in the

18   Eastern District.  Finally, nothing in this lawsuit has any connection to the Northern District,

19   *including the Plaintiff.*  As such, venue should be transferred pursuant to  28 U.S.C. § 1404(a).

20   **F.    PORTIONS OF PLAINTIFF'S COMPLAINT SHOULD BE SEALED**

21    The eighth and final page of Plaintiff's Complaint filed with the Court contains a listing of

22   over 30 students and other witnesses.  These witnesses' personal contact information is included.

23   As a former instructor at Defendant's school district, Plaintiff could only have obtained this

24   information through his employment with Defendant.  This information is protected by substantive

25   privacy rights.  Because pleadings are public documents, Defendant requests that this Court order

26   that this page be redacted or sealed.

27    California Civil Code § 1798 *et seq* (The Information Practices Act of 1977) provides that

28   no agency or employee "may disclose any personal information in a manner that would link the

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE;
MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT**

information disclosed to the individual to whom it pertains" except in 22 enumerated circumstances listed in the section. CA Civ. Code § 1798.24. None of these circumstances apply to allow disclosure to support a private lawsuit against an employer.

The term "personal information" means any information that is maintained by an agency that identifies or describes an individual, including, but not limited to, **his or her name**, social security number, physical description, home address, **home telephone number**, education, financial matters, and medical or employment history. " CA Civ. Code § 1798.3.

Defendant has an obligation, under this act and under case law, to resist attempts at unauthorized disclosures, and the persons who are the subject of the disclosure are entitled to expect that their rights will be asserted. *Bd. of Trustees of Leland Stanford Jr. Univ. v. Super. Ct.* 119 Cal.App.3d 516, 525-526 (1981).

On the eighth page of his Complaint, Plaintiff specifically notes that these individuals were all his former students while he was employed at Yuba Community College. It is clear that this information was obtained in the course of his employment. This "personal information" is private, and its disclosure in a publicly accessible Complaint is improper and in violation of the Information Practices Act. Accordingly, Defendant respectfully requests that the eighth page of Plaintiff's Complaint be sealed or otherwise redacted in order to protect the privacy rights of Defendant's students.

## G.     CONCLUSION

Plaintiff's process and its services is insufficient and, as such, the Court should dismiss the action, or quash the service. Separately, and regardless of the status of service, the Court should transfer venue to the Eastern District of California pursuant to 28 U.S.C. § 1404 because no parties, witnesses or documents are located in the Northern District, and because all events and occurrences alleged in Plaintiff's Complaint occurred in the Eastern District where Defendant school district is located. Finally, the Court should seal or redact portions of Plaintiff's Complaint because the final

/ / /

/ / /

/ / /

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE;
MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT

1  page of Plaintiff's Complaint lists the private contact information of numerous individuals in

2  violation of the Information Practices Act, California Civil Code § 1798 *et seq.*

3

4  Date: September 5, 2008                    JOHNSON SCHACHTER & LEWIS
                                             A Professional Law Corporation

5

6                                            /s/ Alesa Schachter
                                             ALESA SCHACHTER
7                                            JASON M. SHERMAN,
                                             Attorneys for Defendant YUBA COMMUNITY
8                                            COLLEGE DISTRICT (erroneously sued as YUBA
                                             COMMUNITY COLLEGE)
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE;
MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT**

# Exhibit A

**Fill out form and print 4 copies. Sign and date all copies and route as specified below.**

U.S. Department of Justice
United States Marshals Service

AUG 2 6 2008

YC... ...... 1



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Northern District of California

TO: Yuba Community College
2088 North Beale Road
Maryville, CA 95901

Civil Action, File Number  CV08-03068 EMC

Delano L Pinckney

v.

Yuba Community College

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and California State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 20 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days for private defendants and/or 60 days for Federal defendants.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

8/22/08

Date of Signature

_for_ _Federico Rocha,_ _U.S. Marshal_

Signature (USMS Official)

_Civil Clerk_

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

City, State and Zip Code

Service of Process

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 10/03
Automated 10/03

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Northern District of California

TO: Yuba Community College
2088 North Beale Road
Maryville, CA 95901

Civil Action, File Number  CV08-03068 EMC

Delano L Pinckney
v.
Yuba Community College

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and California State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 20 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

8/22/08
Date of Signature

_for Federico Rocha, U.S. Marshal_
Signature (USMS Official)    Civil Clerk

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

City, State and Zip Code

Service of Process

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 10/03
Automated 10/03

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Northern District of California

TO: Yuba Community College
2088 North Beale Road
Maryville, CA 95901

Civil Action, File Number  CV08-03068 EMC
_____

Delano L Pinckney
_____
v.
Yuba Community College

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and California State law.

You <u>MUST COMPLETE</u> the acknowledgment part of this form below, <u>AND RETURN COPIES 1 AND 2</u> to the sender within 20 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

_____
Date of Signature

_____
Signature *(USMS Official)*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

_____
Street Number and Street Name or P.O. Box No.

_____
City, State and Zip Code

_____
Signature

_____
Relationship to Entity/Authority to Receive

_____
Service of Process

_____
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 10/03
Automated 10/03

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Northern District of California

TO: Yuba Community College
2088 North Beale Road
Maryville, CA 95901

Civil Action, File Number  CV08-03068 EMC

Delano L Pinckney

v.

Yuba Community College

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and California State law.

You <u>MUST COMPLETE</u> the acknowledgment part of this form below, <u>AND RETURN COPIES 1 AND 2</u> to the sender within 20 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days for private defendants and/or 60 days for Federal defendants.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

_8/22/08_
Date of Signature

_for Federico Rocha, U.S. Marshal_
Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

_____
Street Number and Street Name or P.O. Box No.

_____
Relationship to Entity/Authority to Receive

_____
City, State and Zip Code

_____
Service of Process

_____
Signature

_____
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 10/03
Automated 10/03

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the

Northern District of Calfornia

| | | | |
|---|---|---|---|
| DELANO L PINCKNEY | ) | | |
| Plaintiff | ) | | |
| v. | ) | Civil Action No. | CV 08-03068 EMC |
| YUBA COMMUNITY COLLEGE | ) | | |
| Defendant | ) | | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

Yuba Community College
2088 North Beale Road
Marysville, CA 95901

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Delano L. Pinckney, 9480 - 128th Street, #376, Surrey, BC V3V 6H2

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking
Name of clerk of court

Date: __8/20/08__

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 04/08)  Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
    _____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
       who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
    _____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other *(specify)* _____
    _____
    _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| DELANO L PINCKNEY | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. CV 08-03068 EMC |
| | ) | |
| V. | ) | |
| | ) | ORDER RE APPLICATION |
| YUBA COMMUNITY COLLEGE | ) | TO PROCEED |
| Defendant(s), | ) | IN FORMA PAUPERIS |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

(✓)     IT IS ORDERED that the application to proceed in forma pauperis is GRANTED and that the Clerk issue summons.
IT IS FURTHER ORDERED that the U.S. Marshal for the Northern District of California serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit and this order upon the defendant.


( )     IT IS ORDERED that the application to proceed in forma pauperis is DENIED, and that the filing fee of $350.00 be paid no later than ___.  Failure to pay the filing fee by that date will result in dismissal of the above-entitled action without prejudice.  The plaintiff is hereby apprised of his/her responsibility to serve the complaint and any amendments, scheduling orders, attachments, pursuant to Rule 4, Federal Rules of Civil Procedure.  Plaintiff has a continuing obligation to keep the Court informed of his or her current address.  Failure to do so may result in dismissal of this action.


( )     IT IS ORDERED that the application to proceed in forma pauperis is DENIED and that plaintiff is further ordered to make partial payment of the filing fee in the amount of $___ by ___.  Failure to pay this amount will result in dismissal of the above-entitled action without prejudice.  The plaintiff is hereby apprised of his/her responsibility to serve the complaint and any amendments, scheduling orders, attachments, pursuant to Rule 4, Federal Rules of Civil Procedure.  Plaintiff has a continuing obligation to keep the Court informed of his or her current address.  Failure to do so may result in dismissal of this action.


Dated:  8/19/08

_____
UNITED STATES MAGISTRATE JUDGE

(Not to be used in HABEAS CORPUS cases)

NDC CSA-7



FILED

08 JUN 25 AM II: 18

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

EMC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV 08    3068

_____ )
                      )
                      )
           Plaintiff, )
                      )
vs.                   )   CASE NO. _____
_____ )
                      )   **EMPLOYMENT DISCRIMINATION**
                      )            **COMPLAINT**
          Defendant(s). )
                      )
                      )

1.    Plaintiff resides at:

      Address _____

      City, State & Zip Code _____

      Phone _____

2.    Defendant is located at:

      Address _____

      City, State & Zip Code _____

3.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employ-

ment discrimination.  Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5.

Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4.    The acts complained of in this suit concern:

      a.  ▦ Failure to employ me.

      b.  ▦ Termination of my employment.

Form-Intake 2 (Rev. 4/05)                    - 1 -

1     c. ▨ Failure to promote me.

2     d. ▨ Other acts as specified below.

3     ████████████████████████████

4     ████████████████████████████

5     ████████████████████████████

6     ████████████████████████████

7     ████████████████████████████

8     ████████████████████████████

9     5. Defendant's conduct is discriminatory with respect to the following:

10     a. ██ My race or color.

11     b. ██ My religion.

12     c. ██ My sex.

13     d. ██ My national origin.

14     e. ██ Other as specified below.

15     ████████████████████████████

16     6. The basic facts surrounding my claim of discrimination are:

17     ████████████████████████████

18     ████████████████████████████

19     ████████████████████████████

20     ████████████████████████████

21     ████████████████████████████

22     ████████████████████████████

23     ████████████████████████████

24     ████████████████████████████

25     7. The alleged discrimination occurred on or about ████████████

26     (DATE)

27     8. I filed charges with the Federal Equal Employment Opportunity Commission (or the

28     California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)     - 2 -

1  discriminatory conduct on or about ████████████ *employee from 10/05-5/07*

2                                              (DATE)

3  9.    The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter

4  (copy attached), which was received by me on or about ████████████ .

5                                              (DATE)

6  10.   Plaintiff hereby demands a jury for all claims for which a jury is permitted:

7       Yes ██    No ██

8  11.   WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,

9  including injunctive orders, damages, costs, and attorney fees.

10

11  DATED:  6 - 16 - 08        _Deaw K Mehrell_

12                             SIGNATURE OF PLAINTIFF

13

14  *(PLEASE NOTE: NOTARIZATION*    ████████████

15  *IS NOT REQUIRED.)*             PLAINTIFF'S NAME

16                                  (Printed or Typed)

17

18

19

20

21

22

23

24

25

26

27

28

Form-Intake 2 (Rev. 4/05)            - 3 -

JUN-13-2008  09:31                                                    P.03/04

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## TRANSMITTAL TO DEPARTMENT OF JUSTICE OF REQUEST FOR
## NOTICE OF RIGHT TO SUE
*(The attached charge involves state/local government or political subdivisions, including public education institutions.)*

| TO: | FROM (Area or District Name/Address): |
|---|---|
| DEPARTMENT OF JUSTICE<br>CIVIL RIGHTS DIVISION<br>EMPLOYMENT LITIGATION SECTION, PHB<br>950 PENNSYLVANIA AVE., NW<br>WASHINGTON, D.C. 20530 | SAN FRANCISCO DISTRICT OFFICE<br>350 THE EMBARCADERO<br>SUITE 500<br>SAN FRANCISCO, CA 94105<br>OFFICE WHERE CASE FILE IS LOCATED:<br>(if different from above) |

NOTICE OF RIGHT TO SUE TO BE ISSUED BASED ON THE INFORMATION PROVIDED BELOW

| NAME/ADDRESS OF CHARGING PARTY TO WHOM NOTICE IS TO BE ADDRESSED: | IF CHARGE WAS THIRD PARTY CHARGE, NAME AND ADDRESS OF AGGRIEVED PERSON TO WHOM NOTICE IS TO BE SENT: |
|---|---|
| DELANO LAMONT PINCKNEY<br>212 COPPERVALE CIR<br>Rocklin, CA 95765<br><br>☐ Charging party has filed the charge on behalf of an aggrieved person whose identity is confidential (29 CFR 1601.7(a)). | |

NAME/ADDRESS OF RESPONDENT(S) AND EEOC CHARGE NUMBER(S)

YUBA COMMUNITY COLLEGE      37A-2007-09303  E200807E1238
2088 N BEALE RD,
Marysville, CA 95901

ATTACHED IS A REQUEST FOR NOTICE OF RIGHT TO SUE FOR THE ABOVE CHARGE(S) AND OTHER ATTACHED DOCUMENTS AS INDICATED BELOW:

LETTER OF REQUEST FROM:

☒ CHARGING PARTY DATED:    Nov 15, 2007      ☐ ATTORNEY FOR CHARGING PARTY DATED

ATTACHMENTS:      ☒ ORIGINAL CHARGE      ☐ AMENDED CHARGE      ☐ CAUSE DETERMINATION (if issued) DATED

THE CHARGE WAS FILED (Filing Date)      April 17, 2007

☐ Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the date shown above.

☐ Please indicate on the Notice of Right To Sue that the Commission will continue to process this charge.

NAME AND TELEPHONE NUMBER OF CONTACT PERSON (Use FTS No.)

ALEXIS DURBIN, (415) 625-5619                                       DATE
                                                                    12-20-07

TYPED NAME OF EEOC OFFICIAL                          SIGNATURE
H. JOAN EHRLICH                                      *[signature]*

## DEPARTMENT OF JUSTICE USE ONLY

| ☐ RS | ☐ OMITATTY# | | ☐ DCT | | | | | ☐ FILE | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |

REMARKS

_____

_____

_____

_____

EEOC Form 287 (1974)

Harassment History

Although subjected to this type of treatment for several years I have elected to mention the most recent incidents. From August 2005 to July 2007 I was contracted as Choral Director/Music Instructor at Yuba Community College. Upon hire official transcripts were never asked of me for purpose of verifying my credentials or qualifications. During my first on campus meeting with the Fine Arts Dean (Jay Drury), shortly after contract signing, he warned me (twice) to not sexually molest the students. I began to suspect my hire was a set-up.

There were many incidents where I have been stalked and harassed at home, at times all night long; intentionally causing sleep deprivation so I could not function successfully for work the next day. The harassment has been reported many times to various people including landlords, family and others. I am followed to and from work. In the past I have experienced vandalism to my vehicle, illegal entry to my apartment home (and car) while I was at work and harassment from neighbors, who were allowed and encouraged to perform various acts, as rattling my door knobs, knocking then running away from my doors, spying on me in the privacy of my home from an attic or above ceiling vantage point. These activities began at Hidden Grove Apartments and continued when I moved to Winsted Apartments where my apartment is repeatedly entered without my consent. Blinds are moved for view from the outside, an electronic item is switched off (that was deliberately left on), doors left open are found closed when I return. Record of DFEH complaints is available.

My home phone and home computer usage is monitored. Up until August of 2006 I use to have Cingular cell phone service but the harassing calls became too much and Cingular refused to assist me in any way. So I stop paying the bill and the service was cut off. One outrageous thing did happen this past summer (2006). I was followed and threatened to be shot buy a Rocklin police officer for going to Blockbuster Video too late at night (ten minutes before they close at 11pm). The officer followed me into the parking lot, watched from outside the building as I searched in store for a movie. Then as I left and walked to my car he put his hands on his gun, positioning as if to draw it. I ignored him, got into my car then came home.

In addition I am followed and watched as I leave for vacation or go out of town. A device has been placed in my vehicle which is used to electronically track anywhere I drive. I was followed from Sacramento to Palm Springs all for reason of law enforcement sting operations to manipulate me into buying or partaking of drugs. This occurred Dec. 2005 as well as July 2006 in Palm Springs CA. This kind of legalized stalking is wrong. I have had landlords evict me for no reason, friends and family turn against me, and now colleagues with my employer conspiring and scheming to have me ruined, fired and recently forcibly resign. This clearly is example of Lifestyle Discrimination. Employers cannot discriminate against employees or applicants on the basis of their conduct during non-working hours and off workplace premises (including smoking, dietary and leisure activities) unless the conduct affects employee's ability to fulfill work responsibilities. Employers cannot collect information about an employee's off-duty behavior. Full copies of the model statutes can be obtained by contacting the Task Force for Civil Liberties in the Workplace at (212) 944-9800, Ext. 418.

I was employed for a year (04-05) at Cingular Wireless, Sacramento (Diane Soul, Supervisor) prior to working at YCCD. There I experienced ongoing harassment from the on-campus security that followed wherever I went in the building when on breaks or lunch. I reported the matter to human resources, talked with them and complained numerous times to my supervisor (as well as to her boss) about the stalking. The campus has 24-hr video coverage and I am certain they have video record of the incidents. In one instance my supervisor's (Diane Soule) boss witnessed security staff member cornering and following me.

At YCCD, students were coached by tenured music faculty Dr. Allan Miller and Dr. Robert Mathews to be overly difficult and defiant, especially in choir rehearsals. I have reported students to the dean as well as to the police for interrupting or being disruptive in classes. Classroom doors, which are very noisy and distracting, were repeatedly opened then closed for no other reason than for disrupting my work with students. I've witnessed Dr. Mathews standing in observance as one student (Joanna Parks) intruded upon my classroom, deliberately interrupting my working with students. This was done in identical manner by various other students (names available), which indicates someone was directing the behavior. A number of students who clearly had no interest in music study registered for my classes with obvious intent to challenge and sabotage my work, therefore ruining hope for a comfortable and safe learning environment in class subsequently sabotaging class attendance. One student was even told to leave school and not attend his scheduled private voice lesson with me (Kevin Jared Driver).

Within the first month of employment at Yuba Community College, in addition to being called a molester, I received hate mail in my faculty box, stating "Mr. Pinckney only likes good looking male singers". I surrendered the document to the Fine Arts Dean (Jay Drury, ret.) who then posted a notice within the music area warning students about the consequences of committing such a crime. Then there was an incident of the word "*nigger*" being carved into on the picnic table outside my office. The table was later painted, covering the offense. Then the repeated interruption of my classes began. I called campus police when one student Kim Black interrupted my working with a student. Classroom work with students was repeatedly secretly monitored by Dr. Matthews and Dr. Miller who were positioned in adjacent rooms.

The sole reason for this classroom surveillance was for fault finding and definitely not part of formal evaluation as outlined in my employment contract. I understand the school has a policy for computer monitoring, which I accept, however peep holes in the walls of my office cannot be legal. Lastly, every morning when I arrived to work there was an unmarked detective's black Lincoln Towncar sitting in the parking lot watching me (license plate number 5APW388).

Most recently, from late January to early May I was gassed/chemically poisoned in my apartment by either tear gas or some form of mustard gas which left a sticky film residue on my skin , creating symptoms such as compulsive sneezing, burning/itching skin and eyes, excessive nasal mucous discharge, increase of heart rate, sleep deprivation, sweating, headache, dryness of mouth and throat, upset stomach, diarrhea; all contributing to exhaustion, thus hindering my ability to get enough rest to function for work the next day or at times make it in to work. My eyes were badly affected making it impossible to safely drive to work. I made several attempts to gain protective results from my landlord (Kirsten Sjoberg) at The Winsted Apartments in Rocklin CA regarding a neighbor "Larry" in apartment 222, who lives above me (#212). I have reported this matter to the Rocklin police, most recently September 13, 2007, speaking with Officer Davis who said she would pay a visit to apartment 222, resulting in the harassment escalating for the days following.

Since February 2007 I have lost about $1200.00 income to work absences caused by this harassment. The activity has escalated since I filed a formal complaint with Department of Fair Employment and Housing (November 2006), since I made numerous verbal complaints about my upstairs neighbor spying activity to my landlord and since I began seeking legal support. Efforts to contact or secure a local attorney are blocked, thwarted by attorneys refusing to help due to "business reasons".

The harassment at my place of employment (as well as residence) is known by many, whose names and contact information I can provide. On Wednesday May 23, a student (Andrew Ayala), obviously coached by another faculty member, stopped me in YCC campus parking lot then attempted to bate me in a compromising situation (which was witnessed by student Craig Wickersham) by suggestively asking "can I go with you?" as I left for dinner break.

Recently, August 4 (Saturday), 2007 I was followed to Blockbuster Video store (Rocklin-Sunset location) where children (two pre-teen aged girls, one white, one Latina) were used in attempt to personally sabotage or manipulate my browsing for movie rentals by following me, taking pictures and making attempts to draw my attention. Disgusted, not only by their behavior but also that law enforcement (who were present) used children for this. I walked out the store without renting any movies. This activity was repeated at Safeway Grocery Store (Sunset/Pleasant Grove in Rocklin) on August 25th, this time using a young blond boy who literally chased me out the store trying to get my attention. These stores have surveillance cameras. Therefore the incidents should be on video record. The implication from these incidents is obvious.

Again, this harassment, stalking and sabotage activity has been going on for several years, presently culminating in my non-rehire with Yuba Community College, as with past employers. In this instance it is quite clear. Students were persuaded to not register for my classes, if registered to not fully participate or to be difficult in class, or to drop from my class to bring enrollment down; thus reflecting negatively upon me at evaluation. There are a number of students responsible (names can be provided), who were obviously directed to do so by Dr. Matthews and Dr. Miller.

Since I am unable to earn a living I am forced to sue YCCD, the Winsted, Hidden Grove Apartments (if possible) and Blockbuster Video. I am without salaried income yet every previous attorney refuses to take this case or charges an exaggerated retainer fee to do so. My formal complaint filed April 17, 2007 with Department of Fair Employment and Housing was recently adopted for investigation by the EEOC, however EEOC has dismissed my charges claiming there is no violation of statute by YCCD. This is another way of saying they have done nothing wrong, even after supplying names. dates and other details. Since my filed complaints the harassment has escalated considerably and continues, as of this writing.

I am writing to inform you that the stalking and harassment has not ended. In fact, on September 19 (around 3-4am) 3 Rocklin police officers came by my apartment in response to my call to report tapping on my bedroom windows and rattling of my front doorknob. This occurred all night long into the 5am hour preventing me from getting any sleep thus causing me to lose rest in preparation for a job interview with Ceres Unified School District later that day. On September 29, I could hear they were caught in the act (by someone) but no one has communicated to me reporting the incident. Interestingly, the late night harassment has discontinued but other forms of harassment have intensified.

Whenever I leave my apartment, which is very rarely these days, I am followed; be it to the grocery store, the post office or even to check my mail box here on grounds at the Winsted.  The neighbor living in apartment 222 above me (Larry) is obviously keeping 24 hour surveillance on my activities inside and outside my apartment. He is a peeping-tom, spying in on me through the air-vents, window framing and other holed vantage points in the ceiling area of the apartment (which is obviously approved and allowed by Winsted Apartments, who repeatedly refused to allow me to move to another unit on the complex).  In fact, there have a number of incidents where has followed me in his vehicle, here on grounds when I walk to or from my car, and when walking to my on-grounds mail box. He has often attempted to engage me in conversation but I ignore him, totally.

My apartment sits facing the street, with available curb side parking. My car was parked there last night. I stayed up late last night to watch a Netflix movie online (1-2:30am). A jeep parked behind my car and stayed there, engine idling, for a while. It pulled away when I went to the window to take a good look at it. How would anyone know what room I was in, let alone that I was watching a movie, unless my action was being reported by someone who could see inside my apartment?

I recently saw the movie Paragraph 175 which tells of the historically tragic treatment of homosexuals by Hitler's Nazi regime. I recall one incident noted where a survivor mentions how he was followed (stalked) by under cover agents then later eventually sabotaged by a male hustler to go to a park for sex. The whole incident was a set up. He was arrested, imprisoned and his life was ruined. Your influence could greatly aid in helping me securing legal protection in this matter.

In December of 2007 I relocated to Vancouver British Columbia since unable to live as a Gay Black man in the US without being targeted by law enforcement sabotage, set up or manipulation. I remind you that this activity has been reported to the EEOC, DFEH, IRS, the Department of Justice, Gov. Arnold Schwarzenegger, Sen. Maxine Waters, Sen. Doolittle and numerous attorneys in the state of California (none responded to my plea for help).

Delano Lamont Pinckney, MM

-1 Student Lists (Email addresses may be provided if necessary, however YCCD has all pertinent contact information for all students I previously worked with and for those listed below.)
Delano Lamont Pinckney
Former Instructor, YCCD

**General Witness:**    Milena Hmeleva 5621 Saint Claire Way Citrus Heights CA 95621
Phone: 916-792-3063  Email: mhmeleva@yccd.edu or kissal@mail.ru

### Student Witnesses

| | |
|---|---|
| Aubra Capps | 530-633-9352 |
| Ashlie Allec | 530-844-0500 |
| James Lanning | 530-432-0865/320-8109 |
| Delia Hightower | 530-742-2362 |
| Mike McCullah | 530-743-6152 |
| Kathy Her | 530-933-5918 |
| Ada Schmidt | 530-632-6923/635-4611 |
| Rochelle Capps | 530-633-9352 |
| Craig Wickersham | 530-315-8151 |
| Roberto Cardenas | 530-237-6036 |
| Kevin Jared Driver | 530-870-2774 |

### Harassment Student Participants

| | |
|---|---|
| James Davis | unknown |
| Kim Black | unknown |
| Carla Ann Harbison | 530-415-5526 |
| Damien Oliver | 530-755-9857 |
| Ben Matthews | 530-673-1981 |
| Andrew Ayala | 530-635-7282 |
| Gary Sorenson | 530-695-1476 |
| Ryan Evans | 530-301-9659 |
| Kristen Rose | 530-713-5906/673-0321 |
| Israel Gonzales | 530-743-3129 |
| Sharon Martin | 530-742-8756 |
| Joseph Gibbs | 530-673-8467 |
| Erica Toth | 530-632-7449 |
| Camron Eckerman | 530-301-5760 |
| John Mezzanotte | 530-633-9488 |
| Seth Ball | 530-237-7212 |
| Lindsay Mallory | 530-845-1172 |
| Spencer Clark | 530-315-2895 |
| Bret Corey | 530-742-7659 |
| Colin Smith | 530-237-7862 |
| John Lewallen | 530-933-1237 |
| Jason Pon | 530-635-2318 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*FILED*
08 JUN 25 AM 11: 10
RICHARD W. WIEKING
CLERK, US DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

DELANO L PINCKNEY,

        Plaintiff (s),

v.

YUBA COMMUNITY COLLEGE,
        Defendant(s).

No. **C 08-03068 EMC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

# E-filing

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

    IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties
the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern
District Of California," additional copies of which can be downloaded from the following
Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/25/2008 | Complaint filed | |
| 9/17/2008 | Last day to: | |
| | • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |



| 10/1/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R. 16-9 |
| 10/8/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom C,15th Floor,SF at 1:30 PM | Civil L.R. 16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

**A.     STANDING ORDER RE MOTIONS AND CONFERENCES**

1.     Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.     Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.     In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.     All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.     Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.     In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's

11.     In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.     In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.     Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.     To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.     As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.     Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.     Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.    Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.

copy.

_____
Edward M. Chen
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# PROOF OF SERVICE

**CASE NAME:**     **Pinckney v. Yuba Community College**
**CASE NO.:**         **CV 08-06068 EMC**

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 560, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On the date listed below, I served the following: **DEFENDANT'S MOTION TO QUASH OR DISMISS FOR INSUFFICIENT PROCESS AND SERVICE; MOTION TO TRANSFER VENUE; MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT**

__    United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

__    **ELECTRONIC SERVICE** - by causing such document to be served electronically to the addresses below.

__    By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

X    Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

__    Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

| | |
|---|---|
| Delano Lamont Pinckney, In Pro Per<br>9480 128th Street, #376<br>Surrey, BC V3V6H2<br>(843) 564-6084 | |

_X_    FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 5, 2008, at Sacramento, California.

/s/ Mike Quinn

MIKE QUINN

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247